UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FAREEN TABANI,<br><br>    Plaintiff,<br><br>v.<br><br>IMS ASSOCIATES, LTD., et al.,<br><br>    Defendants. | Case No. 2:11-cv-00757-MMD-VCF<br><br>ORDER<br><br>(Def.'s Motion for Summary Judgment – dkt. no. 24) |

## I.  SUMMARY

Before the Court is Defendant Milne and McKenzie Associates, Ltd. d/b/a Internal Medicine Specialists of Las Vegas' ("IMS") Motion for Summary Judgment. (Dkt. no. 24.) For reasons discussed below, the Motion is denied.

## II.  BACKGROUND

Plaintiff Fareen Tabani was hired by Defendant IMS on or near July 13, 2010, as an x-ray technician. As is custom, IMS provided Tabani with a copy of its employment handbook, and Tabani signed a document acknowledging that she was aware of IMS's workplace policies and procedures. (Dkt. no. 24-A.) Among these policies, IMS required employees who sought an absence from work to call or text message a supervisor the morning before their shift begins to inform the supervisor of their impending absence. (Dkt. no. 24-E.)

Tabani alleges that in mid-November, she informed Dana Brai, IMS office manager, that she was pregnant. (Dkt. no. 29-A at ¶ 4.) Beginning in mid-December

1  2010, Tabani alleges that complications arose with her pregnancy which led to six
2  absences from work — three half-day absences and three full-day absences. (Dkt. nos.
3  24-B and 29-A at ¶¶ 4-6.)  Tabani also missed one day of work on December 22, 2010,
4  due to street flooding. (Dkt. no. 24-B.)

5  On January 3, 2011, Tabani sent a text message to Brai informing Brai that she
6  would not attend work due to an emergency room visit related to her pregnancy. (Dkt.
7  no. 29-A.)  About three hours later, Tabani sent a second text message to Brai stating
8  "They are admitting me." (*Id.*)  Tabani testified that she spoke with Brai on the telephone
9  to inform her that she had been admitted due to pregnancy-related complications, and
10 that she would call Brai back when her doctor readied her for release. (Dkt. no. 29-A at
11 ¶ 6.)

12 Tabani continued her hospital stay until January 7, 2011.  On the morning of
13 January 6, Tabani texted Brai that she was still in the hospital, and that she would call as
14 soon as the doctor saw her. (Dkt. no. 29-A.)  Tabani did not receive a reply.  On January
15 7, 2011, Tabani called Brai to let Brai know that she was to be released, but Brai
16 informed her that she was terminated. (Dkt. no. 29-A at ¶ 8.)

17 Tabani filed this suit on May 11, 2011, after receiving a Right to Sue letter from
18 the Equal Employment Opportunity Commission. (*See* dkt. no. 1.)  Tabani alleges that
19 IMS discriminated against her on the basis of sex, in violation of Title VII of the Civil
20 Rights Act of 1964.  IMS filed the instant Motion for Summary Judgment. (Dkt. no. 24.)

21 **III.   STANDARD OF REVIEW**

22 The purpose of summary judgment is to avoid unnecessary trials when there is no
23 dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18
24 F.3d 1468, 1471 (9th Cir. 1994).  Summary judgment is appropriate when the pleadings,
25 the discovery and disclosure materials on file, and any affidavits "show there is no
26 genuine issue as to any material fact and that the movant is entitled to judgment as a
27 matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).  An issue is "genuine"
28 if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for

the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

///

## IV. DISCUSSION

Tabani brings a disparate treatment claim against IMS, alleging that she was singled out for termination on account of her pregnancy. IMS argues that Tabani cannot demonstrate a genuine issue of material fact exists as to IMS's liability under Title VII.

Title VII of the Civil Rights Act prohibits employment discrimination based on an individual's sex. 42 U.S.C. ¶ 2000e-2(a). "[D]iscrimination based on a woman's pregnancy is, on its face, discrimination because of her sex." *Newport News Shipbuilding and Dry Dock Co. v. EEOC*, 462 U.S. 669, 684 (1983). "A plaintiff in a Title VII case must establish a prima facie case of discrimination." *Cordova v. State Farm Ins. Cos.*, 124 F.3d 1145, 1148 (9th Cir. 1997). "If the plaintiff succeeds in doing so, then the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its employment decision." *Id.* "If the defendant provides such a reason, then in order to prevail, the plaintiff must demonstrate that this reason is pretextual." *Id.*

### A. Prima Facie Case

In order to establish a prima facie case of gender discrimination, the plaintiff must produce evidence that "give[s] rise to an inference of unlawful discrimination." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). Where, as here, no evidence of direct discriminatory intent is presented, a plaintiff may create a presumption of discriminatory intent through the factors set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994) (citation omitted). The four prong *McDonnell Douglas* test requires a plaintiff show that: (1) she is a member of a class protected by Title VII; (2) she was performing satisfactorily; (3) she suffered an adverse employment decision; and (4) she was treated differently from persons outside of her protected class. *Id.* "The requisite degree of proof necessary to establish a *prima facie* case for Title VII . . . on summary judgment is minimal and does not even need to rise to the level of a preponderance of the evidence." *Id.*; *see also Sischo-Nownejad v. Merced Comt. Coll. Dist.,* 934 F.2d 1104, 1111 (9th

///

Cir.1991) ("[T]he amount [of evidence] that must be produced in order to create a *prima facie* case is 'very little.'").

Although Tabani has not provided any direct evidence of discriminatory intent, she does raise a genuine issue of material fact as to a prima facie case of discrimination. The parties do not dispute Tabani's status as a member of a protected class under Title VII, and do not dispute that she suffered an adverse employment decision.

### 1.     Satisfactory Job Performance

The parties disagree over whether Tabani performed her job duties satisfactorily. IMS argues that Tabani failed to execute her job responsibilities by violating employment policy requiring her to inform her supervisor of her absences on January 4, 5 and 6, 2011. IMS points to phone records and Facebook screen captures which show that during this time period, Tabani made numerous telephone calls and posted numerous times on Facebook, suggesting that she was not incapacitated and had the ability to inform her supervisor of her absence. (*See* dkt. nos. 24-J and 24-K.)  In response, Tabani argues that her failure to inform IMS of absences did not impugn her employment performance.  She argues that her text message and telephone call to Brai on January 3, 2011, sufficed until January 7, since she expressly told Brai that she was in the hospital.  Whatever the formal employment policy mandated, Tabani's January 3, 2011, communication to Brai about her pregnancy complication and admission to the hospital satisfied her obligations to inform a supervisor of her absence.  Tabani further argues that her compliance with IMS absence policy during her previous seven absences confirms her satisfactory employment performance, for it would be inexplicable for her to suddenly neglect her duty to inform IMS supervisors when she had diligently done so in the past.  The Court must resolve this competing evidence in the light most favorable to

///

///

///

///

Tabani, the nonmoving party.[1]  *See Kaiser Cement Corp.*, 793 F.2d at 1103.  As a result, a genuine issue of material fact exists as to whether Tabani performed her job responsibilities satisfactorily.

### 2. Treatment of Similarly Situated Employees

"In order to show that the 'employees' allegedly receiving more favorable treatment are similarly situated (the fourth element necessary to establish a prima facie case under Title VII), the individuals seeking relief must demonstrate, at the least, that they are similarly situated to those employees in all *material* respects." *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006) (emphasis added).  "[I]ndividuals are similarly situated when they have similar jobs and display similar conduct." *See Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003).  The Second Circuit in *McGuiness v. Lincoln Hall*, 263 F.3d 49, 54 (2d Cir. 2001) (cited with approval by *Aragon v. Republic Silver State Disposal Inc.*, 292 F.3d 654, 660 (9th Cir. 2002)) explained that in order to make a minimal showing that a set of co-workers were similarly situated, "those employees must have a situation sufficiently similar to plaintiff's to support at least a minimal inference that the difference of treatment may be attributable to discrimination."

The proper analysis of this *McDonnell Douglas* factor requires a jury determination into the nature of Tabani's conduct, essentially the same finding that the jury must make at stage two of the analysis.  For many of the same reasons discussed above, a genuine issue of material fact exists as to the fourth factor.  If Tabani is able to demonstrate that she did, in fact, follow IMS absence policy and perform her job duties satisfactorily, enough evidence in the record exists to suggest that others similarly situated were treated more favorably.  This class of similarly situated employees includes all of those employees in the same level positions who complied with IMS

---

[1] IMS does not contemplate a scenario in which an employee might be performing satisfactorily but nevertheless fails to adhere to its absence policy.  But a jury might reasonably conclude that the seriousness of Tabani's medical excuse to the hospital coupled with her January 3, 2011, notice to Brai excused her violation.

1  policy. Since evidence in the record, in the form of deposition testimony from other
2  employees, suggests that Tabani's termination was unique, an inference of
3  discriminatory animus arises in light of her termination.
4     If, however, the jury finds that Tabani failed to adhere to IMS's absence policy or
5  did not perform her job responsibilities in a satisfactory fashion, she might fail the fourth
6  element of the *McDonnell Douglas* test. In this scenario, a similarly situated employee ─
7  one that has performed unsatisfactorily, or one that did not follow the absence policy ─
8  either does not exist, or did not receive more favorable treatment than Tabani.[2] Thus the
9  touchstone for whether Tabani's Title VII claims can proceed is the jury's determination
10 of her actions in light of IMS's absence policy. The Court refuses to decide this question
11 of fact, where the parties provide compelling factual arguments in support of their
12 respective positions. Accordingly, questions of material fact exist as to whether Tabani
13 can make a prima facie showing of discrimination.

### B.   Nondiscriminatory Reasons and Pretext Analysis

15  If Tabani's prima facie showing of discrimination succeeds, the burden moves to
16 IMS to provide a legitimate, nondiscriminatory reason for Tabani's termination. IMS has
17 offered only one nondiscriminatory reason for Tabani's termination: her failure to adhere
18 to IMS's absence policy. However, as discussed above, the jury may find that Tabani

---

[2]The Ninth Circuit requires a demonstration of favorable treatment for similarly situated employees not in plaintiff's class. *Moran*, 447 F.3d at 755 (noting that a plaintiff "seeking relief *must* demonstrate, at the least, that they are similarly situated to those employees in all material respects") (emphasis added). Here, at least one employee testified to missing some periods of work due to complications or doctor's visits arising due to her pregnancy, but further testified that she complied with IMS's absence policy. (*See* dkt. no. 24-F at 14.) However, it is not clear whether any employee, pregnant or not, failed to abide by the absence policy. Brai could not recall any such situation during her tenure at IMS. (*See* dkt. no. 29-A at 80.) Therefore, it is difficult to determine whether a class of similarly situated employees ─ i.e., those who failed to abide by the absence policy, or any other IMS policy ─ were treated more favorably. Tabani would find herself in an unfortunate "class of one," where no comparator exists to determine whether she was treated differently than others similarly situated. *See Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 467-68 (2d Cir. 2001) (discussing situation where plaintiff cannot show disparate treatment because no other similarly situated employees existed, as in an employer with only one employee).

actually adhered to IMS policy notwithstanding her failure to call or text on the mornings of January 5-7, 2011.  In that scenario, judgment would be rendered for Tabani in light of no other possible legitimate reasons for Tabani's termination.  *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000) ("[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated.").  The Court thus concludes that a genuine issue of material fact exists as to whether IMS had legitimate nondiscriminatory reason supporting its decision to terminate Tabani's employment.  Accordingly, the Court needs not address the issue of pretext.

## V.  CONCLUSION

Tabani's Title VII claim rises and falls with a factual determination as to her adherence to IMS policy and whether she performed her job duties satisfactorily.  As the Court is unwilling to replace its judgment with that of a jury's, IMS's request for judgment as a matter of law must be denied.

IT IS THEREFORE ORDERED that Defendant IMS's Motion for Summary Judgment (dkt. no. 24) is DENIED.

DATED THIS 14th day of February 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE